## DON HALL v. STATE.

No. A-10727.   May 14, 1947.

(180 P. 2d 846.)

Fred L. Patrick, of Sapulpa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and C. Wayne Stevens, Co. Atty., Kay County, of Ponca City, for defendant in error.

BAREFOOT, P. J.   Defendant, Don Hall, was charged in the district court of Kay county with the crime of larceny after previous conviction of a felony; was tried, convicted and sentenced to serve a term of six years in the State Penitentiary, and has appealed.

This case was assigned for oral argument on January 29, 1947. On that date there was no appearance in behalf of defendant, and no brief had been filed. The

case was submitted on that date, and the defendant was granted 20 days thereafter to file brief. No brief has been filed.

It is provided by Rule 9 of the Criminal Court of Appeals as follows:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence and if no prejudicial error appears will affirm the judgment."

We have carefully examined the record in this case, and find that the defendant was charged by information filed in the district court of Kay county with the crime of larceny by stealth and fraud. That he was charged with the larceny of $600 in money from Roy B. Fields, on May 4, 1944. It was also alleged in the information that defendant had previously been convicted of burglary in the second degree in Kay county on January 23, 1936, and had served a term of three years in the State Penitentiary. That he had been convicted in Kay county on May 20, 1940, of the crime of arson by burning a public building and had served a term of three years in the State Penitentiary. That he had been convicted on September 24, 1942, in the district court of Kay county of burglary in the second degree and had served a term of two years in the State Penitentiary.

The record reveals that Roy B. Fields, who had one of his legs injured, and the defendant, were together in Ponca City on the afternoon and evening of May 4, 1944. They drove out to a resort known as "Dixie Hill" in an automoblie belonging to Mr. Fields. Mr. Fields had $600 locked in the glove compartment of his car. They entered the resort together, and in a short time the defendant went

outside. In a few minutes Mr. Fields went out of the building, and saw the defendant leaving his automobile. He told the defendant he was ready to leave, but the defendant suggested they go back in and have another bottle of beer, which they did. The prosecuting witness testified that as he got in his car, because he was a cripple, he put his hand under the glove compartment, and found that a hole had been cut or knocked in the bottom of the compartment. The bottom of the compartment was of hard cardboard, or some such substance. He drove away, but stopped under a street light, unlocked the compartment, and found that the six $100 bills were missing. He then searched the defendant, and in the "ruler pocket" on the side of his overalls, found the six $100 bills and $20 in addition thereto. He testified that when he found the money, the defendant stated: "Two Hundred Dollars of that belongs to me." They drove on to a filling station and got some gasoline, and while there, "had a little ruckus, and they called the police."

Two city policemen went to the scene, and took the prosecuting witness and the defendant to the police station. Both officers testified that the defendant stated that a Negro had put this money in his pocket. The defendant was arrested, and when told by an officer at the police station that his story would not stand up, "he changed his story; he said the nigger didn't give it to him, he said he taken it out of the glove compartment of the car, and that he busted it open at the bottom and got the money out of the glove compartment." He refused to make a written statement, but made these statements voluntarily in the presence of the officers. He also admitted that Mr. Fields had told him the money was there.

The evidence also revealed the former convictions as alleged in the information.

From the above statement, and an examination of the record and the instructions given by the court, which fully presented the issues, we conclude that defendant had a fair and impartial trial.

The judgment of the district court of Kay county is affirmed.

JONES and BRETT, JJ., concur.